UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDY ANGER,

        Plaintiff,                                     Case No. 13-12143
                                                            Honorable Thomas L. Ludington

v.

ANIL S. PRASAD,

        Defendant.

_____/

**ORDER DISMISSING COMPLAINT WITH PREJUDICE**

Randy Anger, an inmate currently confined by the Michigan Department of Corrections, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Anger claims that Joseph Chung, MD, Anil S. Prasad, MD, and the Bureau of Health Care Services (BHCS) were deliberately indifferent to his serious medical needs.

On March 5, 2014, Dr. Chung and BHCS were dismissed from the case. *See* Mar. 5, 2014 Op. & Order, ECF No. 37. Although she[1] did not join in Dr. Chung and BHCS's motion for summary judgment, Dr. Prasad exercised her right under 42 U.S.C. § 1997e to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 . . . ." 42 U.S.C. 1997e(g)(1). Until such time as Dr. Prasad files a reply to Anger's complaint, Anger can be granted "[n]o relief" against her. *Id*. Further, the Court may only require Dr. Prasad to reply to Anger's complaint if "it finds that [Anger] has a reasonable opportunity to prevail on the merits." § 1997e(g)(2).

---

[1] Anger has indicated that "Dr. Prasad . . . did not appear to be a she" and that he "believe[s] the Dr. was-is a man, unless he went througt [sic] a radical chaing [sic]." Pl.'s Resp. 1, ECF No. 39. However, in the "waiver of answer" filed on Dr. Prasad's behalf pursuant to 42 U.S.C. 1997e(g)(1), counsel indicates that Dr. Prasad comes "by and through *her* attorneys" and that she "hereby gives notice . . . that *she* elects not to file an answer to Plaintiff's Complaint . . . ." Def.'s Waiver 1 (emphasis added), ECF No. 30. Accordingly, the Court will continue to refer to Dr. Prasad with feminine pronouns.

**I**

A close reading of Anger's complaint, and the relevant legal authority, does not provide a reasonable opportunity for success.  The gist of Anger's complaint (which spans 83 paragraphs over 24 pages), is that his physicians refused to treat his "traumatic brain injuries" with medication, and in fact altered his medication which caused "uncontrollable tightening of the jaw muscles, uncontrollable tongue movements, rapid eye blinking to the point of lost vision, progressive neck contraction restricting his breathing, the grinding and breaking of his teeth and ultimately causing multiple seizures."  Pl.'s Compl. ¶¶ 5, 12, ECF No. 1.  Indeed, Anger claims that his physicians' conduct caused him to develop Tardive Dyskinesia, an involuntary-movement disorder.  Of course, Anger attributes this "medication change" to Dr. Chung; he does not mention Dr. Prasad at all.  *See id.* ¶ 12.

In fact, aside from requesting relief against her, Anger only mentions Dr. Prasad four times in his pleadings, with two of the references being identical.  He first claims that Dr. Prasad "refused to fill [his] prescription" for Ativan, even though "[t]he Emergency Room Doctor at the Bixby Hospital treated [his] condition with Ativan and prescribed a prescription for it."  *Id.* ¶ 44.  Anger goes on to claim that Dr. Prasad "has not fulfilled the request to have Mr. Anger see Dr. Steven Sherman for follow up treatment, nor has Dr. Anil S. Prasad, M.D. adjusted the medication to help lessen the effects of Mr. Anger's medical condition."  *Id.* ¶ 45.  Finally, Anger claims that Dr. Prasad "has refused to honor Dr. Steven Sherman's medical order to be returned to the Adrian Clinic of Neurology to be reevalutated."  *Id.* ¶ 46.

In order to state a claim against Dr. Prasad for deliberate indifference under § 1983, Anger must demonstrate he suffered from a "serious medical need," which is either "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay

person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 579 (6th Cir. 2013) (internal quotation marks and citation omitted). Anger must also demonstrate that Dr. Prasad "had knowledge of the substantial risk, recognized the serious harm that such a risk could case, and, nonetheless, disregarded it." *Id.* (citation omitted). Anger's complaint does not readily satisfy either requirement, and thus there has been no showing that he has a reasonable opportunity of success on the merits of his claims against Dr. Prasad.

**II**

As a result of his deficient pleadings, the Court directed that Anger show cause why his claims against Dr. Prasad should not be dismissed with prejudice. *See* Apr. 9, 2014 Order, ECF No. 38. On April 24, 2014, Anger filed his response. He first asserts, as indicated above, his belief that Dr. Prasad is a man, not a woman. Anger does not mention Dr. Prasad again.

Instead, he argues that he wants an injunction against "all M.D.s whom are terning [sic] there [sic] back to [his] pain and suffering." Pl.'s Resp. 2. Anger goes on to mention a "Dr. Co" (presumably Dr. Chung), *id*., and a Dr. Sherman, *id*. at 3. He argues that "all of the M.D. whom have been in charge of [his] medical have tryed [sic] to cover up the severity of [his] condition . . . ." *Id*. He claims that his "medical records have been forged or altered to suit there [sic] perpess [sic]," and that "[a]ll the Dr.'s [he has] seen have all said this is a neurologist disorder." *Id*. Never does Anger indicate how Dr. Prasad was involved in covering up the severity of his condition, forging his medical records, or producing inaccurate diagnoses. Aside from claiming Dr. Prasad is a man, Anger does not mention her at all; he does nothing to indicate why his claims against the Doctor (whatever his or her gender) should be allowed to proceed. But— based on his complaint and his response to the order to show cause—Anger's claims do not boast

even the slightest possibility of success. Pursuant to 42 U.S.C. § 1997e(c)(1), Anger's complaint will be dismissed with prejudice.

Accordingly, it is **ORDERED** that Anger's claims against Dr. Anil S. Prasad are **DISMISSED** with prejudice.

It is further **ORDERED** that plaintiff's complaint, ECF No. 1, is **DISMISSED** with prejudice, as this order disposes of the last remaining defendant.

Dated: May 5, 2014                                             s/Thomas L. Ludington
                                                               THOMAS L. LUDINGTON
                                                               United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Randy Anger #774678, Gus Harrison Correctional Facility, 2727 E. Beecher St., Adrian, Michigan 49221 by first class U.S. mail, on May 5, 2014.

                         s/Tracy A. Jacobs
                         TRACY A. JACOBS